Matter of Nichols v Hochul (2023 NY Slip Op 00270)

Matter of Nichols v Hochul

2023 NY Slip Op 00270

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Index No. 154213/22 Appeal No. 17266 Case No. 2022-04649 

[*1]In the Matter of Paul Nichols et al., Petitioners-Appellants,
v
Governor Kathy Hochul et al., Respondents-Respondents.

Walden Macht & Haran LLP, New York (Peter A. Devlin of counsel), for Paul Nichols and Gary Greenberg, appellants.
Law Office of Aaron S. Foldenauer, New York (Aaron S. Foldenauer of counsel), for Gavin Wax, appellant.
Letitia James, Attorney General, New York (Andrea W. Trento of counsel), for Governor Kathy Hochul, respondent.
Phillips Lytle LLP, Buffalo (Craig R. Bucki of counsel) and Graubard Miller, New York (Elaine Reich of counsel), for Speaker of the Assembly Carl Heastie, respondent.
Cuti Hecker Wang LLP, New York (Alice G. Reiter of counsel), for Senate Majority Leader and President Pro Tempore of the Senate Andrea Stewart-Cousins, respondent.
Jenner and Block, LLP, New York (Jacob D. Alderdice of counsel), for Ken Jenkins, John Flateau, Yovan Samuel Collado, Ivelisse Cuevas-Molina and Elaine Frazier, respondents.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered October 12, 2022, which, to the extent appealed from, ordered that the Independent Redistricting Commission (IRC) initiate the constitutional process for amending the New York State Assembly maps, conduct public hearings consistent with NY Const, art III, § 4(c), make plans, data and information available for the public to view at least 30 days prior to the first public meeting, submit to the legislature an Assembly redistricting plan or plans and implementing legislation by April 28, 2023, to be voted upon by the legislature in a single bill, ordered that if either house of the legislature failed to approve the implementing legislation, or if the Governor vetoed such legislation, that the IRC would, within 15 days and in no case later than June 16, 2023, prepare a second redistricting plan and implementing legislation, and ordered that if either the legislature failed to approve the second plan and implementing legislation, or if the Governor vetoed it, then the legislature would introduce such implementing legislation with any amendments deemed necessary, unanimously affirmed, without costs.
In a prior decision, this Court declared that the February 2022 New York State Assembly map was invalid due to procedural infirmities (Matter of Nichols v Hochul, 206 AD3d 463, 464 [1st Dept 2022], lv dismissed 38 NY3d 1053 [2022]). We remanded to Supreme Court for consideration of the proper means of redrawing the Assembly map in accordance with NY Const, art III, § 5-b (id.). Consistent with our prior order, Supreme Court then ordered that the Assembly map be redrawn through the IRC process set forth in NY Const, art III, and set deadlines for the IRC to prepare maps, as the deadlines contained in NY Const, art III, § 4(b) had passed. We endorse the procedures adopted by the court, find that they constitute appropriate remedial measures for a constitutional violation, and find that the remedy is consistent with the procedures set forth in the Constitution.
NY Const, art III, § 5-b requires that an IRC be established to determine district lines, including in cases such as this, where a court has ordered that districts be amended. The IRC procedures control the redistricting process, except to the extent that a court is required to forego them in order to adopt a plan as a remedy for a violation of law (NY Const, art III, § 4[e]). The Constitution does not mandate any particular remedial action when a violation of law has occurred and authorizes broad judicial oversight of remedial action when the courts find that it is necessary (see Matter of Harkenrider v Hochul, 38 NY3d 494,523 [2022]). Thus, in the absence of a viable legislative plan, a court may order the adoption of a redistricting plan with the assistance of a special master, as an appropriate remedial measure (Harkenrider at 522, 523). Yet the Constitution also favors a legislative resolution when available (see NY Const, art [*2]III, §§ 4[e], 5, 5-b[a]; see also Wise v Lipscomb, 437 US 535, 540 [1978]), and does not expressly limit the potential remedies a court may order to facilitate a viable legislative plan.
Here, a viable legislative plan is available, as contemplated by NY Const, art III, § 5-b. The court's order setting deadlines for, among other things, the IRC's submission of maps, in order to facilitate such a plan, was an appropriate remedial measure which is not prohibited by NY Const, art III, § 4(e). Contrary to petitioners' contention, the remedial measures chosen by the court in Harkenrider are not required here. In Harkenrider,the constitutional violation could not be cured by a process involving the legislature and the IRC, given the time constraints created by the electoral calendar (38 NY3d at 523). The Court of Appeals recognized that the Constitution explicitly gives courts oversight over remedial action in the wake of a determination of unconstitutionality, and it then endorsed the remedial measures chosen by Supreme Court, which included appointment of a special master (id.). There is much more time available in this case than there was in Harkenrider for the IRC and legislative procedures to proceed and conclude prior to the next election cycle, thereby allowing for a reasonable opportunity for the legislature to meet its constitutional requirements. We therefore endorse the remedial measures chosen by Supreme Court.
We have considered petitioners' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023